# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| MICHAELS STORES, INC, | § |
| | § CIVIL ACTION NO. |
| Plaintiff, | § 3:19-cv-00090-JWD-EWD |
| | § |
| VERSUS | § |
| | § DISTRICT JUDGE JOHN W. |
| TIFFANY T. JONES | § deGRAVELLES |
| | § |
| Defendant. | § |
| | § |

## JOINT PROPOSED ORDER CONFIRMING ARBITRATION AWARD AND JUDGMENT

Before this Court is the Application for Order to Confirm Arbitration Award ("Petition") filed by Plaintiff Michaels Stores, Inc. ("Michaels"). Michaels seeks an order confirming the Arbitration Award dated September 10, 2018 and served on the parties by the American Arbitration Association ("AAA"), in the arbitration proceeding entitled *Jones v. Michaels Stores, Inc.,* AAA case number 01-18-0000-9155.

The Court, having considered the submission of the parties, the entire case file, and applicable legal authority, hereby GRANTS Michaels' Application and orders JUDGMENT for the reasons that follow.

On or about February 23, 2018, Defendant Tiffany Jones ("Jones") initiated arbitration proceedings against Michaels asserting claims stemming from her termination of employment with Michaels. The making of the arbitration agreement is not at issue and therefore considered by the Court to be a valid and enforceable agreement to arbitrate.

AAA appointed arbitrator Michael Patterson ("Arbitrator") to serve as arbitrator in this case. On September 10, 2018, the Arbitrator issued an Award finding in favor of Michaels and

against Jones. A copy of the Arbitration Award was served on both parties by the American Arbitration Association and is attached hereto as Exhibit A.

The Court finds it has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1) because the amount in controversy exceeds $75,000 and the parties are citizens of different states. Specifically, Jones is a citizen of Louisiana, and Michaels is a citizen of Texas and Delaware. The Court further finds that the United States District Court for the Middle District of Louisiana is a proper venue for the confirmation of the Arbitration Award.

The Federal Arbitration Act, 9 U.S.C. § 9, requires a court to confirm an arbitration award "unless the award is vacated, modified, or corrected as prescribed in sections 10 and 11" of the FAA. 9 U.S.C. § 9; *see Kergosien v. Ocean Energy, Inc.,* 390 F.3d 346, 352-53 (5th Cir. 2004) ("If an [arbitration] award is rationally inferable from the facts before the arbitrator, the award must be affirmed.") *overruled on other grounds by Hall St. Assoc., LLC v. Mattel, Inc.,* 552 U.S. 576, 584-86 (2008). Here, Jones has urged no grounds to vacate, modify or correct the award. Therefore, as a matter of law, Michaels is entitled to confirmation of the Award dated September 10, 2018. Accordingly, the Court finds as follows:

## ORDER

**IT IS HEREBY ORDERED** that the Application is GRANTED and the Final Arbitration Award dated September 10, 2018 in the matter between Michaels and Jones, a true and correct copy attached hereto as Exhibit A and incorporated by reference herein, is CONFIRMED in its entirety.

## JUDGMENT

The Court having granted Michaels' Application issues JUDGMENT as follows:

1) The Final Arbitration Award dated September 10, 2018 is confirmed in its entirety;

2) Respondent's Motion to Dismiss is GRANTED and Claimant's claim is dismissed with prejudice;

3) The administrative fees and expenses of AAA are to be borne as incurred pursuant to the provisions of the 2017 Team Member Handbook;

4) The fees and expenses of the Arbitrator are to be borne by Michaels pursuant to the provisions of the 2017 Team Member Handbook;

5) This award is in full settlement of all claims and counterclaims submitted to the Arbitration. All claims not expressly granted herein are hereby denied.

Signed in Baton Rouge, Louisiana, on June 24, 2019.

_____
**JUDGE JOHN W. deGRAVELLES
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

**AMERICAN ARBITRATION ASSOCIATION**
**Employment Arbitration Tribunal**

In the Matter of Arbitration Between:

Case No. 01-18-0000-9155

**TIFFANY JONES ("Claimant")**

v.

**MICHAELS STORES, INC. ("Respondent")**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**AWARD OF SEPTEMBER 10, 2018**</u>

I, Michael Patterson, THE UNDERSIGNED ARBITRATOR, having been designated in accordance with the personnel manual or employment agreement entered into by the above-named parties, and having been duly sworn and having fully reviewed and considered the written documents submitted to me by the parties pertaining to the Motion to Dismiss, hereby AWARD, as follows:

Claimant's demand states that she seeks damages for wrongful dismissal by Michaels Stores, Inc. (Respondent) based upon violation by the Company of its 2017 Team Member Handbook.

Respondent filed a motion to dismiss asserting that Claimant's demand fails to state a claim upon which relief can be granted. Claimant has not alleged any contractual relationship with Respondent and as such Claimant is considered an employee at-will. In Louisiana, an employee at-will can be dismissed at any time for any reason without the employer incurring liability for wrongful discharge.



Additionally, Respondent's Team Member Handbook does not create any contractual rights on Claimant, which would create an exception to the employment at-will doctrine.

Therefore, Respondent's Motion to Dismiss is GRANTED and Claimant's claim is dismissed with prejudice.

The administrative fees and expenses of the American Arbitration Association totaling $2,950.00, are to be borne as incurred pursuant to the provisions of the 2017 Team Member Handbook.

The fees and expenses of the Arbitrator totaling $1,600.00 are to be borne by Michaels Stores, Inc. pursuant to the provisions of the 2017 Team Member Handbook.

This award is in full settlement of all claims and counterclaims submitted to this Arbitration. All claims not expressly granted herein are hereby denied.

_____
**MICHAEL A. PATTERSON, ARBITRATOR**

**Date: September 10, 2018**